CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 23, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BRIAN RICHARDSON,** )<br>Plaintiff, )<br> )<br>v. )<br> )<br>**HAROLD CLARKE, et al.,** )<br>Defendants. ) | Case No. 7:24-cv-00231<br><br>Hon. Robert S. Ballou<br>United States District Judge |

## MEMORANDUM OPINION

Brian Richardson, proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against the former Director of the Virginia Department of Corrections ("VDOC"), Harold Clarke, and two officers at Keen Mountain Correctional Center ("KMCC"), Sgt. Dyer[1] and Correctional Officer Lowe. Richardson asserts an Eighth Amendment claim of deliberate indifference arising from an incident in which he was injured by a shock belt during a hospital visit for an MRI.

The defendants have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Dkt. 14. For the reasons set forth below, I conclude that Richardson has not set forth sufficient facts to state a plausible claim under § 1983 against any of the defendants. Therefore, the defendants' motion to dismiss is **GRANTED**.

### I.  Background

The following summary of the facts is taken from the complaint and additional materials filed by Richardson. *See Holley v. Combs*, 134 F.4th 142, 144 (4th Cir. 2025) ("In order to determine whether the claim of a *pro se* plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional

---

[1] Dyer is identified as "Sgt. Dye" in the complaint. Dkt. 1 at 2. The docket has been updated to reflect the correct spelling of his last name.

materials filed by the plaintiff.") (internal quotation marks and brackets omitted). The factual allegations are presented in the light most favorable to Richardson. *See Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170, 177 (4th Cir. 2023) (noting that a court reviewing a motion to dismiss must "accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff").

Richardson was previously incarcerated at KMCC. Dkt. 1 at 3. On the morning of August 8, 2023, Dyer and Lowe transported him from KMCC to a local hospital for an MRI to be performed on his right thumb. *Id.* at 6. Both officers had experience transporting inmates to offsite medical appointments and were familiar with MRI tests. Dkt. 21 at 6. After arriving at the hospital for Richardson's appointment, Dyer and Lowe informed him that all metal restraints would need to be removed. Dkt. 1 at 6. At the time of the appointment, Richardson was wearing handcuffs, leg restraints, and a shock belt that contained metal. *Id*; Dkt. 21 at 2. Although Dyer removed the metal handcuffs and leg restraints and replaced them with plastic zip ties, he did not remove the shock belt. Dkt. 1 at 7. Lowe, who was present for the appointment and also knew that Richardson was wearing a shock belt, did not remove the belt himself or instruct Dyer to remove it. *Id.* Because the shock belt contained metal, it should have been removed pursuant to MRI guidelines. *See* Dkt. 21 at 6 ("The officers did not follow the medical procedure (MRI scanner) [since they] did not remove all metal shackles.").

After Richardson was wheeled into the MRI room by hospital staff, the shock belt "went off and continuously shocked" him, and he "screamed out in terror and pain." Dkt. 1 at 7. Hospital staff wheeled Richardson out of the room, and Dyer removed the shock belt. *Id.* Hospital staff then returned Richardson to the MRI room, and the MRI was completed without incident. *Id.*

Upon returning to KMCC, Richardson was examined by a nurse in the medical unit. Dkt. 1-1 at 5. The area of his back in which he was shocked by the belt was "swollen around a big knot," and the nurse reported that she could "see where the prongs attached to [Richardson's] skin." *Id.* Following the incident, Richardson experienced severe back pain, "a nonstop headache at the base of [his] skull," and pain during urination *Id.* at 5–6. A prison physician prescribed a muscle relaxer and "two 400 mg Ibuprofen . . . twice a day" after Tylenol proved unsuccessful at alleviating the pain. *Id.* at 6.

Based on the incident that occurred at the hospital, Richardson filed this civil action under 42 U.S.C. § 1983 against Dyer, Lowe, and Clarke. Richardson claims that the defendants violated the Eighth Amendment by failing to protect him from a substantial risk of serious harm. Dkt. 1 at 8–10; Dkt. 21 at 2. He seeks to recover $200,000 from each defendant. Dkt. 1 at 5.

## II. Standard of Review

The defendants have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion "tests the sufficiency of a complaint." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While "detailed factual allegations" are not required, a complaint must contain more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and brackets omitted). Additionally, courts "need not accept as true unwarranted inferences, unreasonable

conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotation marks omitted).

When evaluating whether a complaint states a claim upon which relief can be granted, "the court must construe all factual allegations in the light most favorable to the plaintiff." *Wilcox v. Brown*, 877 F.3d 161, 166-67 (4th Cir. 2017). "Additionally, when a plaintiff raises a civil rights issue and files a complaint *pro se*, the court must construe pleading requirements liberally." *Id.* "But 'liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure.'" *Seabrook v. Driscoll*, 148 F.4th 264, 279 (4th Cir. 2025) (quoting *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020)). A complaint filed without the assistance of counsel "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. Salvation Army S. Terr.*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

### III. Analysis

Richardson filed suit against the defendants under 42 U.S.C. § 1983, which "creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Because Richardson seeks to recover monetary damages under § 1983, the court construes the claims against the defendants as being brought against them in their individual capacities.[2] Having reviewed the complaint, I conclude that it fails to state a plausible claim for relief under § 1983 against any of the named defendants.

---

[2] Although § 1983 "permits suit against 'every person' who deprives an individual of his or her rights under color of state law, neither States nor state officials acting in their *official* capacities constitute 'persons' within the meaning of the statute when sued for monetary relief." *Fauconier v. Clarke*, 966 F.3d 265, 279–80 (4th Cir. 2020) (emphasis added).

4

A.  **Defendants Dyer and Lowe**

Richardson claims that Dyer and Lowe acted with deliberate indifference to his health or safety by not removing the shock belt before he entered the MRI room. "It is well settled that the Eighth Amendment's prohibition against the infliction of 'cruel and unusual punishments' reaches beyond a prisoner's sentence to 'the treatment of a prisoner . . . in prison and the conditions under which he is confined.'" *Ford v. Hooks*, 108 F.4th 224, 229 (4th Cir. 2024) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Not every injury suffered by a prisoner, however, "translates into constitutional liability." *Id.* at 834.

An Eighth Amendment claim of this nature has objective and subjective components. *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019). "First, the deprivation alleged must be, objectively, sufficiently serious." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). An inmate "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury," *Danser v. Stansberry*, 772 F.3d 340, 346–47 (internal quotation marks omitted), or "show that he is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834. At this stage, it is undisputed that Richardson's allegations are sufficient to satisfy the objective prong.

To satisfy the subjective prong, a plaintiff must plausibly plead that the defendant prison officials had a "sufficiently culpable state of mind," which, in this context, means that they acted with "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal

5

quotation marks omitted). "Deliberate indifference is a very high standard, and a showing of mere negligence will not meet it." *Ford*, 108 F.4th at 230 (internal quotation marks omitted). Instead, a plaintiff "establishes 'deliberate indifference' by showing that the prison official 'knew of and disregarded an excessive risk to inmate health or safety.'" *Danser*, 772 F.3d at 347 (brackets omitted) (quoting *Farmer*, 511 U.S. at 837). The plaintiff "must show both (1) 'that the prison official in question subjectively recognized a substantial risk of harm' and (2) that the official also 'subjectively recognized' that any actions he took in response 'were inappropriate in light of that risk.'" *Ford*, 108 F.4th at 230 (brackets omitted) (quoting *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004)). "It is not enough that the prison official *should have* recognized the risk and the inadequacy of his response. Instead, the official 'actually must have perceived' both." *Id.* (quoting *Parrish*, 372 F.3d at 303); *see also Farmer*, 511 U.S. at 838 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."). Although "a factfinder may conclude that an officer knew of a substantial risk from the very fact that the risk was obvious . . . , it is not enough that a reasonable officer *would have* found the risk to be obvious." *Parrish*, 372 F.3d at 303 (internal quotation marks and brackets omitted). "Rather, the risk of injury must be 'so obvious that a factfinder could conclude that the officer *did* know of it because he could not have failed to know it.'" *Id.* (brackets omitted) (quoting *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995)).

Applying these principles, I conclude that Richardson has not plausibly alleged that Dyer or Lowe acted with deliberate indifference to his health or safety by failing to remove the shock belt. While Richardson argues that it is "common knowledge" that a shock belt contains metal, Dkt. 21 at 2, he does not allege that he or the hospital staff members responsible for assisting him

6

raised any questions or concerns about the shock belt, or requested that the officers remove any article from Richardson that could potentially contain metal before he was transported to the MRI room. Courts have recognized that nonmedical prison personnel can rely on the expertise of healthcare professionals and "will generally be justified in believing that [a] prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). Although "nonmedical prison personnel cannot be permitted to simply ignore an inmate's plight of which they're aware," *Estate of Miller v. Marberry*, 847 F.3d 425, 431 (7th Cir. 2017) (internal quotation marks and brackets omitted), Richardson has not set forth facts sufficient to show that Dyer or Lowe consciously disregarded an excessive or obvious risk to his health or safety. *See, e.g.*, *Parrish*, 372 F.3d at 303 ("While the EMT's presence by no means immunizes the officers from liability, the fact that a trained medical technician did not recognize the risk associated with transporting a handcuffed inebriated person wearing a spit mask strongly suggests that the risk was something less than obvious.").

In reaching this decision, I recognize that Richardson has alleged that Dyer and Lowe had "experience with this medical procedure" and that their failure to remove "all metal shackles," including the shock belt, was contrary to "MRI scanner" guidelines. Dkt. 21 at 6. However, Richardson does not identify any particular safety guidelines that were communicated to him or the officers before he entered the MRI room or set forth any other facts from which I could reasonably infer that the officers were "deliberately indifferent to the risk that [Richardson would] get injured by [the] shock belt." *Id.* at 3. Courts have recognized that "the subjective component requires the prison official to disregard the risk of harm claimed by the prisoner." *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009). In other words, "general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the

inference between those general facts and the specific risk of harm confronting the inmate." *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Here, the facts alleged by Richardson at most suggest that Dyer and Lowe were aware that metal restraints could not be worn during an MRI. Richardson does not plausibly allege that either officer consciously disregarded the particular risk posed by failing to remove the shock belt before Richardson entered the MRI room—*i.e.*, the risk that the shock belt would activate upon entering the room or otherwise pose a substantial risk of serious harm to Richardson's health or safety. *See Parrish*, 372 F.3d at 304 ("[Fourth Circuit precedent] makes clear that officials can be liable under the deliberate indifference standard only to the extent that they actually appreciate the risk factors in a given case, and only to the extent that they make the causal inference that the circumstances as they perceived them created a substantial risk of serious harm."). To the extent Richardson argues that Dyer and Lowe "did not follow . . . procedure and therefore [were] negligent," Dkt. 21 at 6, mere negligence is "not enough to show deliberate indifference." *Hixson v. Moran*, 1 F.4th 297, 303 (4th Cir. 2021) (citing *Farmer*, 511 U.S. at 835).

**B.      Defendant Clarke**

Richardson has also failed to state a claim against Clarke. Although the complaint lists the former VDOC official as a defendant, it does not explain how Clarke is responsible for any alleged violation of his federal constitutional rights. "Liability under § 1983 must be analyzed individually for each defendant." *Jones v. Solomon*, 90 F.4th 198, 207 (4th Cir. 2024). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name

8

appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.").

## IV. Conclusion

For the reasons stated, Richardson's complaint and other filings, liberally construed, fail to state a claim upon which relief may be granted under § 1983. Therefore, I will grant the defendants' motion to dismiss under Rule 12(b)(6) and dismiss the complaint without prejudice. Because Richardson is proceeding pro se, I will grant him leave to file an amended complaint within 30 days. An appropriate order accompanies this opinion.

Enter: September 23, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge